FILED
IN CLERKS OFFICE

2023 MAR -2 PM 12: 13

US DISTRICT COURT
DISTRICT OF MA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PANKAJ MERCHIA,<br>    Plaintiff,<br><br>v.<br><br>John Keough<br>Andrea Keough<br>Fisher Hill Realty Trust<br>Edward P Richardson III<br>and unnamed individuals who knowinly assisted them<br>    Defendants. | CIVIL ACTION<br><br>No. _____ |

# COMPLAINT

## Parties

1. Plaintiff Dr. Pankaj Merchia is a physician, scientist, engineer, and entrepreneur who is a citizen of the United States and a citizen of the State of Florida with a domicile at 2715 Spanish River Road, Boca Raton, Florida. Plaintiff is also a part year resident of Massachusetts where he lives part of the year.

2. Defendant John Keough is an attorney and owner of NEPCO which purchases distressed assets to resell them for a higher amount. He is a citizen of Massachusetts where he resides at 25 Fisher Ave, Brookline, MA 02445.

3. Defendants Andrea Keough is an attorney and wife of John Keough. She is a citizen of Massachusetts where she resides at 25 Fisher Ave, Brookline, MA 02445.

4. Defendant Fisher Hill Realty Trust is a Massachusetts Trust with Trustee John Keough.

1

5. Defendants Edward P. Richardson III is an individual who acted in Massachusetts either in-person or by telecommunication at all times relevant to the basis of this complaint. He resides at 1073 Salaki Road, Moretown, VT 05660 and is a citizen of Vermont.

## Jurisdiction

6. US District Court has jurisdiction since Plaintiffs and Defendants are citizens of different states and the amount affected is over $75,000.

## Venue

7. The "Property" whose contract is the basis of this suit is in Massachusetts and relevant actions occurred in Massachusetts.

## Facts

8. Prior to November 2017, Margaret Richardson owned the lots at 615 Boylston St, Brookline, MA and 621 Boylston St, Brookline, MA (hereafter "615 Boylston" and "621 Boylston").

9. To access 621 Boylston St by vehicle one must use the driveway on 615 Boylston or come from the back of 25 Fisher Ave, Brookline, MA ("25 Fisher").

10. Prior to November 2017 Margaret Richardson advertised the sale of 621 Boylston as a lot upon which a home may be built.

11. The Town of Brookline zoning bylaws requires lots to have a means of vehicular access in order to build a home on the lot.

12. In November 2017 Plaintiff entered into an agreement with Margaret Richardson to purchase 621 Boylston.

13. In December 2017 Margaret Richardson sold 615 Boylston to another party.

14. Margaret Richardson did not reserve an easement for the benefit of 621 Boylston to use the driveway on 615 Boylston in the deed that conveyed 615 Boylston.

15. In December 2018, prior to the agreed upon closing date for the purchase of 621 Boylston, Plaintiff informed Margaret Richardson that 621 Boylston had a title defect since it lacked an easement for vehicular access.

16. Margaret Richardson's agreement with Plaintiff required her to make a good faith effort to resolve any title defects.

17. Margaret Richardson made no effort to resolve the title defect.

18. Instead, Margaret Richardson's son and heir, Defendant Edward P Richardson III, brokered an arrangement for Defendants John and Andrea Keough to purchase 621 Boylston since they could access 621 Boylston through their property at 25 Fisher.

19. Defendants John and Andrea Keough formed Fisher Hill Realty Trust for this purchase.

20. Defendants Edward P Richardson, John Keough, and Andrea Keough all knew that Margaret's contract with Plaintiff required her to make an effort to resolve the title defect.

21. Defendants Edward P Richardson, John Keough, and Andrea Keough all knew that Margaret's contract with Plaintiff required her to make an effort to resolve the title defect.

22. Defendants Edward P Richardson, John Keough, and Andrea Keough conspired to unlawfully and tortuously interfere with Plaintiff's contract to purchase 621 Boylston.

**Relief**

WHEREFORE, Plaintiff prays this Court for the following relief:

(1) Award on all Counts judgment in favor of plaintiff in an amount to be established at trial, plus costs of suit herein including Plaintiff's attorney's fees;

(2) Award such further and other relief in favor of Plaintiff that this Court deems just and equitable.

**Jury Demand**

Plaintiff hereby demands trial by jury on all issues and claims in this matter triable to a jury.

/s/ Pankaj Merchia
Pankaj Merchia
2715 Spanish River Rd
Boca Raton, FL 33432
Direct: 561-235-2048
Mail
pmerchiaLegal@gmail.com

Dated: March 1, 2023