UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PANKAJ MERCHIA, | ) )  ) |
| Plaintiff, | ) ) |
| v. | )  Civil Action No. 23-10494-MPK ) |
| JOHN KEOUGH, et al., | ) ) |
| Defendants. | ) ) ) |

REPORT AND RECOMMENDATION AND ORDER FOR REASSIGNMENT

June 19, 2023

Kelley, M.J.

Plaintiff Pankaj Merchia, a resident of Florida proceeding *pro se*, filed a civil complaint accompanied by motions for leave to file electronically, for limited assistance and to pay the filing fee by credit card. Docket Nos. 1 – 4. By Order dated May 3, 2023, Merchia's motion to make payment of filing fee by credit card was denied. Docket No. 6. Merchia was advised that in order to proceed with this action, he must, within 21 days of the date of the Order, either pay the $402.00 filing fee or move for leave to proceed without prepayment of the filing fee. Docket No. 6.

Because Merchia has not responded to the May 3, 2023 Order, and has not paid the filing fee nor moved for waiver of the filing fee, this action should not be permitted to proceed.

It is a long-established principle that the court has the authority to dismiss an action *sua sponte* for a party's failure to prosecute and to follow the court's orders. Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P.

41(b). Accordingly, this Court orders that this case be reassigned to a District Judge. This Court recommends that the District Judge to whom this case is reassigned dismiss the case for failure to comply with the May 3, 2023 order and either pay the filing fee or file a motion for waiver of the filing fee.

NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objection. Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

SO ORDERED.

/s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge